By the Court.
A number of errors are assigned upon the record; but the only one we deem it necessary to notice is that which arises upon the construction of sec. 3336, Revised Statutes, imposing the duty on the company, the neglect of which, is claimed to have caused the injury to the plaintiff. The section reads as follows : “Every company shall have attached to each locomotive engine passing upon its road, a bell of the ordinary size in use on such engines, and a steam whistle; and the engineer or person in charge of an engine in motion, and approaching a turnpike, highway, or town road crossing, upon the same level therewith, and in like manner when the road crosses any other traveled place, by bridge or otherwise, shall sound such whistle at a distance of at least eighty and not further than one hundred rods from the place of such crossing, and ring such bell continuously until the engine passes such crossing.” The residue of the section is omitted as not material. The negligence charged, is the failure of the engineer to ring the bell or sound the whistle on approaching the bridge of the road over the highway where the. accident occurred. It is claimed by the company that such duty is only required where the road crosses “a turnpike, highway or town crossing, upon the same level therewith,” and where “the road crosses an3r other traveled place, by bridge or otherwise;” and does not apply where it crosses by bridge or otherwise a turnpike, highway or town road crossing. A literal construction of the section without any regard to its evident purpose might warrant such an interpretation; but it is only in this way that such meaning can be imputed to the language *653 employed. We are satisfied, however, from considering the language and the object of the section, the prevention of accidents at such places, that the true interpretation is, that the duty of the engineer to ring the bell and sound the whistle, is required on approaching a bridge or other structure by which the road crosses any highway or traveled place. Any other interpretation must lead to the apparently absurd conclusion, that the legislature intended that the bell should be rung and the whistle sounded wherever a railroad crosses, by a bridge, a traveled way other than a turnpike, highway, or town road crossing, though there appears to be much greater reason for the observance of such precautions at turnpikes and highways than elsewhere; and hence this apparently absurd conclusion should be rejected, and that adopted, more in accordance with the evident policy of the law, although the former may be more in accordance with a literal construction of the language of the act

Jtidgment affirmed.

Burket, J., dissents.